**Rule 1915.4-4. Pre-Trial Procedures.**

A pre-trial conference in an initial custody or modification proceeding shall be scheduled before a judge at the request of a party or sua sponte by the court and the procedure shall be as set forth in this rule.  If a party wishes to request a pre-trial conference, the praecipe set forth in subdivision (g) **[below]** shall be filed.  The scheduling of a pre-trial conference shall not stay any previously scheduled proceeding unless otherwise ordered by the court.

     (a)    The praecipe may be filed at any time after a custody conciliation or conference with a conference officer unless a pre-trial conference has already been scheduled or held.  The pre-trial conference may be scheduled at any time, but must be scheduled at least 30 days prior to trial.

     (b)    Not later than five days prior to the pre-trial conference, each party shall **[serve a pre-trial statement]** <u>**file a pre-trial statement with the prothonotary's office and serve a copy**</u> upon the court and the other party or counsel of record.  The pre-trial statement shall include the following matters, together with any additional information required by special order of the court:

          (1)    the name and address of each expert whom the party intends to call at trial as a witness;

          (2)    the name and address of each witness the party intends to call at trial**[,]** <u>**and**</u> the relationship of that witness to the party **[and a statement by the party or the party's counsel that he or she has communicated with each listed witness]**<u>**. Inclusion of a witness on the pre-trial statement constitutes an affirmation that the party's counsel or the self-represented party has communicated with the witness about the substance of the witness's testimony prior to the filing of the pre-trial statement**</u>; and

          (3)    a proposed order setting forth the custody schedule requested by the party.

In addition to the above items included in the pre-trial statement, any reports of experts and other proposed exhibits shall be included as part of the pre-trial statement served upon the other party or opposing counsel, but not included with the pre-trial statement served upon the court.

     (c)    If a party fails to file a pre-trial statement or otherwise comply with the requirements of subdivision (b), the court may make an appropriate order under **[Rule]**<u>**Pa.R.C.P. No.**</u> 4019(c)(2) and (4) governing sanctions.

(d)     Unless otherwise ordered by the court, the parties may amend their pre-trial statements at any time, but not later than seven days before trial.

(e)     At the pre-trial conference, the following shall be considered:

(1)     issues for resolution by the court;

(2)     unresolved discovery matters;

(3)     any agreements of the parties;

(4)     issues relating to expert witnesses;

(5)     settlement and/or mediation of the case;

(6)     such other matters as may aid in the disposition of the case; and

(7)     if a trial date has not been scheduled, it shall be scheduled at the pre-trial conference.

(f)     The court shall enter an order following the **pre-trial** conference detailing the agreements made by the parties as to any of the matters considered, limiting the issues for trial to those not disposed of by agreement and setting forth the schedule for further action in the case. Such order shall control the subsequent course of the action unless modified at trial to prevent manifest injustice.

(g)     The praecipe for pre-trial conference shall be substantially in the following form:

**(Caption)**

**PRAECIPE FOR PRE-TRIAL CONFERENCE**

To the Prothonotary:

Please schedule a pre-trial conference in the above-captioned custody matter pursuant to Pa.R.C.P. **No.** 1915.4-4.

The parties' initial in-person contact with the court (conference with a conference officer or judge, conciliation or mediation) occurred on _____.

_____
Plaintiff/Defendant/Attorney for Plaintiff/Defendant

**[EXPLANATORY COMMENT–2013**

The Domestic Relations Procedural Rules Committee has become aware that there is a wide disparity in pre-trial procedures in custody cases among the various jurisdictions. As the committee strives to recommend best practices, this new rule establishes uniform pre-trial procedures in custody cases when requested by either party. The goal is to reduce custody litigation by encouraging early preparation and court intervention for purposes of expedited resolutions. The rule is based upon the pre-trial procedures in divorce cases as set forth in Rule 1920.33. Nothing in this rule shall affect the First Judicial District's practice of conducting a pre-trial conference upon the filing of a motion for a protracted or semi-protracted trial.]